IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANGEL CASTILLO-BIENVENIDO | : | NO. 03-487-01 |

## MEMORANDUM

**Padova, J.**                                                                           **July 22, 2009**

Defendant Angel Castillo-Bienvenido has filed a "Motion Under 18 U.S.C. § 3582(c) for

Sentence Reduction," seeking to reduce his sentence on account of the crack cocaine amendments.

For the following reasons, we deny the Motion.

On February 14, 2004, a jury convicted Defendant of one count of conspiracy to distribute

in excess of 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846; one count of

possession with intent to distribute in excess of 5 grams of crack, in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(B); and one count of possession with intent to distribute in excess of 5 grams

of crack, within 1000 feet of a public school, in violation of 21 U.S.C. § 860.  We sentenced

Defendant on March 16, 2005.  Under the then-applicable United States Sentencing Guidelines, the

quantity of crack involved in the offense, i.e., between 1.5 kg and 4.5 kg, resulted in a base offense

level of 38.  Defendant's offense level was adjusted upward by two levels because the transactions

occurred within 1,000 feet of a school, and by an additional two levels for possession of a firearm

in the course of the conspiracy.  U.S.S.G. §§ 2D1.2(a)(1), (b)(1).  As a result, Defendant's total

offense level was 42.  That offense level, combined with a criminal history category of III, resulted

in a Guidelines range of 360 months to life.  U.S.S.G. Ch. 5, Pt. A.  Upon consideration of the §

3553 factors, we varied downward from the Guidelines range and imposed a sentence of 165

months' imprisonment.

Defendant now asks us to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines.  Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).[1]  Amendment 706 to the Sentencing Guidelines reduced the base offense level for most cocaine base offenses, and the Sentencing Commission has determined that this Amendment may be applied retroactively.  See U.S.S.G., Supplement to Appx. C, Am. 713 (Nov. 1, 2008 ed.); see also United States v. Wise, 515 F.3d 207, 221 (3d Cir. 2008).

The Sentencing Commission's policy statement regarding § 3582(c)(2) provides, in part, that: "A reduction in the defendant's term of imprisonment is not . . . authorized under 18 U.S.C. § 3582(c)(2) if – . . . [application of the applicable amendment to the Guidelines] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).  The Sentencing Commission has further explained that:

> a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment [to the Guideline range] is

---

[1]The United States Court of Appeals for the Third Circuit has reiterated that, in accordance with the terms of the statute, a defendant is eligible for a sentence reduction only if two elements are satisfied.  United States v. Doe, 564 F.3d 305, 309 (3d Cir. 2009).  "First, the defendant must have been 'sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission.'"  Id. (quoting 18 U.S.C. § 3582(c)(2)).  "[S]econd, the sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'"  Id.  (quoting 18 U.S.C. § 3582(c)(2)).

applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10 Application Note 1(A).

In Defendant's case, application of Amendment 706 reduces Defendant's base offense level to 36. However, with the offense level enhancements for distribution in a school zone and possession of a firearm, his amended total offense level is 40. In conjunction with his Criminal History Category of III, the amended total offense level of 40, just like the prior total offense level of 42, produces a Guidelines range of 360 months to life. U.S.S.G. Ch. 5, Pt. A. Accordingly, neither of the two requirements of § 3582(c)(2) is satisfied: (1) Defendant's term of imprisonment was not based on a sentencing range that has subsequently been lowered,[2] and (2) a reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), which do not permit a reduction if application of the "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

----

[2]Defendant appears to argue that his sentence was partially "based on" a sentencing range that was lowered, because Amendment 706 lowered his base offense level under § 2D1.1. However, the statute does not say that a reduction is available to a defendant who has been sentenced to a term of imprisonment based on a base offense level that has subsequently been lowered by the Sentencing Commission. Rather, it provides for reductions for those whose terms of imprisonment were based on sentencing ranges that have subsequently been lowered. Where, as here, there has been no change to the sentencing range, i.e., 360 months to life, it is immaterial that the base offense level was lowered. United States v. Spells, C.A. No. 08-3080, 2009 WL 784234, at *2 (3d Cir. Mar. 26, 2009) (rejecting argument that reduction in base offense level gave district court authority to reduce sentence when there was no change in the applicable sentencing range); United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009) (stating that the statutory language in § 3582(c)(2) is "clear and unambiguous: '[t]he term sentencing range clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus'" (quoting United States v. Carabello, 552 F.3d 6, 10 (1st Cir. 2008))).

Thus, we do not have authority to reduce Defendant's sentence.

Defendant argues that, even though his Guidelines range has not changed, his sentence was nevertheless "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," because the sentencing range was "shift[ed] to a position on the [Guidelines] grid indicating that a lesser degree of culpability attaches to [his] offense conduct and criminal history."[3] (Def.'s Br. at 5.)  However, this argument, for which Defendant cites no authority, ignores the plain language of the statute, which requires that the sentencing range be <u>lowered</u>, not merely relocated within the Guidelines grid.  Accordingly, we find this argument to be meritless.

We also reject Defendant's argument that the Sentencing Commission's policy statements are not binding on us because they impermissibly conflict with the broader terms of § 3582(c)(2) and are contrary to <u>United States v. Booker</u>.  The United States Court of Appeals for the Third Circuit recently addressed these very same arguments in <u>Doe</u>, and concluded that they had no merit.  564 F.3d at 310-11, 314-15.  Thus, we find that we are bound by the Sentencing Commission's policy statements, just as we are bound by the statute itself.[4]

In conclusion, Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,]" 18 U.S.C. § 3582(c)(2), and, thus,

---

[3]As Defendant elaborates: "The amended crack guideline has . . . lowered [Defendant's] range by relocating it on the sentencing grid from a position well within the 360-life range to a position immediately next to the step-down range of 324-405 months.  By contrast, before the amendment, [Defendant's] sentencing range was three squares away from the step-down."  (Def's Br. at 8.)

[4]The <u>Doe</u> Court also rejected two additional arguments that Defendant makes in the instant appeal: that refusing a reduction leads to patently absurd and unfair results, and that the rule of lenity demands a sentence reduction.  <u>See</u> 564 F.3d at 314-15.  For the same reasons stated in <u>Doe</u>, we reject Defendant's arguments here.

he is not eligible for a reduction in sentence under the circumstances presented.  Accordingly,

Defendant's Motion for Sentence Reduction is denied.

      An appropriate Order follows.


BY THE COURT:


/s/ John R. Padova, J.
_____
John R. Padova, J.